NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEANE-ALEXANDER RON CRAWFORD, | No.   21-35385 |
| Petitioner-Appellant, | D.C. No. 3:19-cv-00020-JKS |
| v. | MEMORANDUM[*] |
| JASON HAMILTON, Superintendent, Palmer Correctional Center, [**] | |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, District Judge, Presiding

Argued and Submitted August 17, 2023
Anchorage, Alaska

Before:  MURGUIA, Chief Judge, and PAEZ and NGUYEN, Circuit Judges.
Concurrence by Judge PAEZ.

State inmate Keane-Alexander Ron Crawford appeals the district court's

judgment denying his habeas petition.  We have jurisdiction under 28 U.S.C.

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      Jason Hamilton, "the state officer who has custody" of Crawford
currently, Sec. 2254 R. 2(a), is substituted as the proper respondent and appellee.
*See* Fed. R. App. P. 43(c)(2).

§§ 1291 and 2253. Reviewing the denial of habeas relief de novo, *see McDermott v. Johnson*, 85 F.4th 898, 905 (9th Cir. 2023), we affirm.

"[W]hen a defendant demonstrates to the trial judge that his [mental condition] at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent [mental health expert] who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985); *see McWilliams v. Dunn*, 582 U.S. 183, 195, 197 (2017). But when the defendant "offer[s] little more than undeveloped assertions that the requested assistance would be beneficial," there is "no deprivation of due process in the trial judge's decision." *Caldwell v. Mississippi*, 472 U.S. 320, 323 n.1 (1985).

1. Crawford contends that the Alaska Court of Appeals unreasonably determined the facts in concluding, under *Ake* and *Caldwell*, that he failed to "explain the significance of, and the need for, a particular type of expert analysis." *Crawford v. State*, 404 P.3d 204, 215–16 (Alaska Ct. App. 2017); *see* 28 U.S.C. § 2254(d)(2). We disagree.

The state court's opinion extensively recounts the relevant pretrial proceedings during which Crawford raised the need for experts. *Crawford*, 404 P.3d at 209–14. As relevant here, Crawford notified the trial court in February 2009 "that he intended to present testimony 'regarding the physical effects of being

choked unconscious, including the repetitive blackouts that [he] suffered on the night in question as a result of being assaulted by the alleged victim.'" *Id.* at 209 (cleaned up). In November 2009, with the jury pool convened, he again raised the need for medical and other experts to testify regarding his allegations that he "was barely able to stand, walk, breathe, see, or think" at the time of the shooting and that his recollection of the event had "a lot of pieces missing." *Id.* at 211 (cleaned up). Three days later, he expressed his desire "to find specific experts: specific medical experts, toxicology experts, consciousness experts, choking experts, child molestation experts." *Id.* at 214 (cleaned up).

In its thorough analysis of this evidence, the Alaska Court of Appeals reasonably found that "[n]one of Crawford's . . . requests for expert witnesses"— other than a request for DNA testing not at issue here—"were supported by a description of what, precisely, [he] hoped to obtain from these experts' analyses, or how the proposed analyses would be significant components of [his] defense case." *Id.* at 215.

Crawford criticizes this finding in light of the state court's earlier conclusion that his mental state at the time of the shooting was central to his defense, but there is no discrepancy. The state court earlier concluded only that "whether Crawford acted in self-defense" was "the central issue *litigated at [his] trial*." *Crawford v. State*, 337 P.3d 4, 25 (Alaska Ct. App. 2014) (emphasis added). Crawford never

articulated his defense theory—his perception that he was being attacked by the victim—prior to trial.

Crawford also argues that the factual finding was unreasonable because "the process employed by the state court [was] defective." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004), *overruled on other grounds by Cullen v. Pinholster*, 563 U.S. 170, 185 (2011). Specifically, he claims that "the trial court's repeated assertions that [he] was not entitled to an expert" and its "refusal to consider [his] attempts to justify his expert witness request undermined the fact-finding process."

To the contrary, the trial court told Crawford that "[t]here may be some money to bring a few witnesses in that [he] want[ed]" even though it would not "be anywhere near what [he] want[ed]." Crawford understood that his request for funds for DNA testing "was only denied specifically on the DNA," not "for experts in general." And in November 2009, the trial court offered Crawford a continuance to locate experts and request them with specificity, but Crawford declined and opted to go to trial. That the trial court also strongly encouraged Crawford to obtain counsel did not render its fact-finding process inadequate.[1]

---

[1] Because the panel concludes that the state court reasonably found that Crawford failed to make the threshold *Ake* showing, we do not address Crawford's argument that the right to access expert witnesses cannot be conditioned on the acceptance of court-appointed counsel.

2. Even assuming the state court based its decision on an unreasonable factual determination, and *Ake* entitled Crawford to access a mental health expert, any such error "did not have the 'substantial and injurious effect or influence' required to warrant a grant of habeas relief." *McWilliams*, 582 U.S. at 200 (quoting *Davis v. Ayala*, 576 U.S. 257, 268 (2015)). The evidence of Crawford's intent to kill was compelling. The earlier altercation between Crawford and the victim had ended, and Crawford left the apartment. The victim went outside to return Crawford's case of beer and was stepping back into his own apartment when Crawford fired 20 rounds at him, stopping midway to change magazines. Because these facts strongly undermine Crawford's self-defense theory, he fails to show that any error was not harmless.

**AFFIRMED.**

21-35385

*Crawford v. Hernandez*, 21-35385

PAEZ, Circuit Judge, concurring:

I agree with the discussion in section 2 of the court's memorandum that any *Ake* error was harmless.  Because that is a sufficient basis on which to affirm the denial of habeas relief, I would not reach the alleged *Ake* error.